**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAROLE D. SEXTON                                                                                    PLAINTIFF

VS.                                    CASE NO. 4:09CV00283 JMM

STARK LIGON, ET AL.                                                                            DEFENDANT

**ORDER**

Pending before the Court is plaintiff's "Motion to Strike Motion of Mark Ohrenberger." For the reasons stated below, the motion is denied (#12).

On April 14, 2009, plaintiff filed a complaint alleging that defendants violated her rights under the Americans with Disabilities Act ("ADA") by failing to promptly reactivate her license to practice law in the State of Arkansas.

On May 15, 2009, defendants' counsel, Assistant Arkansas Attorney General Mark Ohrenberger, filed a Motion to Dismiss contending that (1) plaintiff's complaint for injunctive relief is barred by the *Rooker-Feldman* doctrine; (2) *Younger* abstention applies; (3) defendants, in their individual capacities, are entitled to absolute quasi-judicial immunity; and (4) plaintiff failed to perfect service of process on any of the defendants.

On May 27, 2009, plaintiff filed a "Motion to Strike Motion of Mark Ohrenberger" contending that (1) Ohrenberger has a conflict of interest in representing defendants because the Attorney General's Office represents plaintiff in a pre-existing matter; (2) plaintiff has signed receipts from defendants or their agents as proof of service; (3) defendants have violated the ADA and Ohrenberger has violated the Rules of Professional Conduct; (4) Ohrenberger has failed to provide a defense to plaintiff's allegation that defendants have violated the ADA;

(5) defendants are not entitled to 11th Amendment immunity; and (6) Ohrenberger and defendants have failed to acknowledge that plaintiff has complied with all the rules, regulations, and requests made by defendants.

The Court finds that defendants' Motion to Dismiss is not improper. *See* Fed. R. Civ. P. 12(f). (Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.).

Plaintiff's "Health Care Bureau Consumer Complaint" filed with the Office of the Arkansas Attorney General does not present a conflict of interest for Ohrenberger.

The issues regarding (1) defendants' immunity in their official capacities; (2) the sufficiency of plaintiff's service of process; and (3) the alleged violations of the ADA are issues for the Court to decide in regard to the pending Motion to Dismiss and are not a basis for a motion to strike.

Federal Rule of Civil Procedure 12(a)(4) provides that the service of a motion to dismiss extends that deadlines set pursuant to Federal Rule of Civil Procedure 12(a)(1)-)(3) until the Court has ruled on the motion. Based upon these Rules, defendants shall have 10 days from the date the Court rules on the pending Motion to Dismiss.

Finally, there is no evidence, other that plaintiff's conclusory allegations, that Ohrenberger has misrepresented the facts in his motion to dismiss. Plaintiff has up to, and including, June 26, 2009, to respond to the pending motion to dismiss.

IT IS SO ORDERED THIS  10  day of   June  , 2009.

_____
James M. Moody
United States District Judge